IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| REIN KELIIHOOMALU, #04343-122,<br><br>        Plaintiff,<br><br>        v.<br><br>ESTELA DERR, et al.,<br><br>        Defendants. | Civil No. 22-00190 JAO-RT<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**

Before the Court is a Prisoner Civil Rights Complaint ("Complaint") filed by

pro se Plaintiff Rein Keliihoomalu ("Keliihoomalu") pursuant to *Bivens v. Six*

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

ECF No. 1.  Keliihoomalu alleges that two officials[1] at the Federal Detention

Center in Honolulu, Hawai'i ("FDC Honolulu") violated his First Amendment

right to access the courts by refusing to "accept or process" his administrative

remedy complaints.  *Id.* at 5.  For the following reasons, the Complaint is

DISMISSED for failure to state a claim for relief.  *See* 28 U.S.C. §§ 1915(e)(2) &

---

[1] Keliihoomalu names as Defendants Warden Estela Derr ("Warden Derr") and Unit
Manager Kris Robl ("Robl") in both their individual and official capacities.  ECF
No. 1 at 1–2.

1915A(b)(1).  Because any amendment would be futile, the dismissal is without

leave to amend.

## I.      STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner pleadings

against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

*See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or

complaints that are frivolous, malicious, fail to state a claim for relief, or seek

damages from defendants who are immune from suit must be dismissed.  *See*

*Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v.*

*Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same

standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).

*See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under

this standard, a complaint must "contain sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks and citation omitted).  A claim is

"plausible" when the facts alleged support a reasonable inference that the plaintiff

is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants'

pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it

appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d

at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is

appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196

(9th Cir. 2013).

## II.      **BACKGROUND**[2]

Keliihoomalu is a pretrial detainee at FDC Honolulu.  *See* ECF No. 1 at 1;

Federal Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (select "Find

By Number," enter "04343-122" in "Number" field, and select "Search") (last

visited May 25, 2022).  He is awaiting trial in *United States v. Keliihoomalu*, Cr.

No. 19-00156 JMS (D. Haw.).[3]

Keliihoomalu commenced this action by signing the Complaint on April 14,

2022.  ECF No. 1 at 9.  Keliihoomalu alleges that Unit Manager Robl "refused to

accept or process" his administrative remedy complaints.[4]  *Id.* at 5.  According to

---

[2]  Keliihoomalu's factual allegations are accepted as true for purposes of screening.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[3]  Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically.  *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

[4]  The BOP has adopted a four-step administrative remedy program.  *See* 28 C.F.R.
(continued . . .)

Keliihoomalu, he had submitted informal complaints to Robl "that were not

answered to [Keliihoomalu's] satisfaction." *Id.* When Keliihoomalu attempted to

give Robl a formal Administrative Remedy Request — that is, a BP-9 — Robl told

Keliihoomalu, "I ain't taking those." *Id.* Keliihoomalu seeks $150,000 and "an

Order from the Court requiring the [Defendants] to properly adhere to C.F.R.

542.10." *Id.* at 9.

## III.   **DISCUSSION**

### A.   **Legal Framework For *Bivens* Claims**

In *Bivens*, the Supreme Court "recognized for the first time an implied right

of action for damages against federal officers alleged to have violated a citizen's

constitutional rights." *Hernandez v. Mesa*, 582 U.S. ___, 137 S. Ct. 2003, 2006

(2017) (per curiam) (internal quotation marks and citation omitted). *Bivens*

involved a suit against individual federal agents who violated the Fourth

Amendment's prohibition against unreasonable searches and seizures. *See Bivens*,

403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied

---

(. . . continued)
§§ 542.13–.15. The first step requires an inmate to "present an issue of concern
informally to staff" and the staff to "attempt to informally resolve the issue."
28 C.F.R. § 542.13(a). The second step requires an inmate to submit a "a formal
written Administrative Remedy Request, on the appropriate form (BP-9)."
28 C.F.R. § 542.14(a). The third step is an appeal to the appropriate Regional
Director. *See* 28 C.F.R. § 542.15(a). The fourth step is an appeal to the BOP's
General Counsel. *See id.*

cause of action only twice. *See Ziglar v. Abbasi*, 582 U.S. ___, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[5] *Id.* (quoting *Malesko*, 534 U.S. at 68). Indeed, the

---

[5] The Supreme Court declined to create a *Bivens* remedy in the following cases: a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination, *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); an Eighth Amendment

(continued . . .)

Court has suggested that "the analysis in [its] three *Bivens* cases might have been different if they were decided today." *Id.* at ___, 137 S. Ct. at 1856.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1859. If the plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met. "First, the plaintiff must not have any other adequate alternative remedy." *Ioane*, 939 F.3d at 951 (internal quotation marks and citation omitted). "Second, there

---

(. . . continued)
suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); and a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 582 U.S. ___, 137 S. Ct. 1843.

cannot be any 'special factors' that lead the court to believe that Congress, instead

of the courts, should be the one to authorize a suit for money damages." *Id.* at

951–52 (some internal quotation marks, brackets, and citation omitted). Although

the Supreme Court has yet to define the term, "special factors," it has explained

that "the inquiry must concentrate on whether the Judiciary is well suited, absent

congressional action or instruction, to consider and weigh the costs and benefits of

allowing a damages action to proceed." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at

1857–58.

## B.      Official Capacity Claims Under *Bivens*

Keliihoomalu names Warden Derr and Unit Manager Robl in both their

individual and official capacities. ECF No. 1 at 1–2.

"A *Bivens* action can be maintained against a defendant in his or her

individual capacity only, and not in his or her official capacity." *Consejo de*

*Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173

(9th Cir. 2007) (internal quotation marks, brackets, and citation omitted). "This is

because a Bivens suit against a defendant in his or her official capacity would

merely be another way of pleading an action against the United States, which

would be barred by the doctrine of sovereign immunity." *Id.* (citation omitted).

Thus, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor

7

in his or her official capacity." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (internal quotation marks and citation omitted).

Any *Bivens* claims against Warden Derr or Robl in their official capacities are therefore DISMISSED with prejudice.

## C.     Supervisory Liability Under *Bivens*

Keliihoomalu names as Defendants two supervisory officials, including the warden and a unit manager at FDC Honolulu.  ECF No. 1 at 1–2.

"In the limited settings where *Bivens* does apply, . . . Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citations omitted).  This is because "[t]he purpose of *Bivens* is to deter the *officer*." *Abbasi*, 582 U.S. at ___, 137 S. Ct. at 1860 (internal quotation marks and citation omitted).  "*Bivens* is not designed to hold officers responsible for acts of their subordinates." *Id.* (citation omitted).

A *Bivens* claim must be "brought against the individual official for his or her own acts, not the acts of others." *Id.*; *see also Jones v. McFadden*, No. 1:09–cv–00957–DLB (PC), 2010 WL 2196849, at *3 (E.D. Cal. May 28, 2010) ("[W]hen a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged." (citations omitted)).  Thus, to state a claim for relief under *Bivens* based on a theory of

8

supervisory liability, the plaintiff must allege facts showing that supervisory

defendants:

> (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.

*Id.* (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal

quotation marks and other citation omitted).

Here, while Keliihoomalu alleges that Robl refused to accept or process his

administrative remedy complaints, he fails to say how Warden Derr violated his

constitutional rights.  Indeed, Keliihoomalu does not even mention Warden Derr in

the factual allegations supporting his claim.  *See* ECF No. 1 at 5–6.  Thus, it

appears that Warden Derr is named solely because of her supervisory position.

Any allegation by Keliihoomalu that Warden Derr is liable purely because of the

acts of someone under her supervision must be DISMISSED with prejudice.  *See*

*Fries v. Kernan*, Case No. 1:18-cv-00652-LJO-SKO (PC), 2018 WL 11260954, at

\*8 (E.D. Cal. Dec. 5, 2018) ("[A]ny allegation that supervisory personnel . . . are

somehow liable solely based on the acts of those under his or her supervision, does

not state a cognizable claim.").

9

**D.**     **Access To Court Claim**

Keliihoomalu alleges that Unit Manager Robl violated his right to access the

courts by refusing to accept or process his informal complaints.  ECF No. 1 at 5.

"The First Amendment guarantees a prisoner a right to seek redress of

grievances from prison authorities and . . . a right of meaningful access to the

courts."  *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citations

omitted).  The Supreme Court, however, has never recognized a *Bivens* remedy for

First Amendment claims, *see Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012);

and the Ninth Circuit has declined to extend *Bivens* to access to court claims.  *See*

*Vega v. United States*, 881 F.3d 1146, 1153–55 (9th Cir. 2018) (declining to

expand *Bivens* remedy to include access to court claims against private defendants

under the First Amendment); *Schwarz v. Meinberg*, 761 F. App'x 732, 733–34 (9th

Cir. 2019) ("We decline to extend *Bivens* remedies to [the plaintiff's] claims —

unsanitary cell conditions, access to courts, and request for placement in a camp

facility — because these claims do not fall within claims authorized by the

Supreme Court." (citation omitted)).

District courts, therefore, have consistently concluded that no *Bivens* remedy

exists for access to court claims.  *See, e.g.*, *Camillo-Amisano v. Fed. Bureau of*

*Prisons*, No. 2:17-cv-06634-ODW-JDE, 2019 WL 8138040, at *5 (C.D. Cal. Oct.

4, 2019) ("The Court declines to find a private right of action for Plaintiff's denial

of access to courts claim under *Bivens*[.]"), *report and recommendation adopted*, No. CV 17-06634-ODW (JDE), 2019 WL 8137708 (C.D. Cal. Nov. 12, 2019); *Moore v. United States*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 3265874, at *4 (E.D. Cal. June 17, 2020) ("[T]he Court . . . declines to find an implied *Bivens* cause of action under the First Amendment for the denial of access to the courts." (citation omitted)), *report and recommendation adopted*, Case No.: 1:20-cv-00451-NONE-SAB (PC), 2020 WL 6060869 (E.D. Cal. Oct. 14, 2020); *see also Free v. Peikar*, Case No. 1:17-cv-00159-AWI-MJS (PC), 2018 WL 1569030, at *2 (E.D. Cal. Mar. 30, 2018) ("Nationwide, district courts seem to be in agreement that, post-*Abbasi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." (citations omitted)).  Thus, Keliihoomalu's access to court claim cannot proceed.  *See Lanuza*, 899 F.3d at 1025 (noting that courts must first consider whether providing a *Bivens* remedy is precluded by prior Ninth Circuit decisions).

Even if a *Bivens* remedy did exist for an access to court claim, Keliihoomalu fails to state a plausible claim for relief.  "To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury."  *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis v. Casey*, 518 U.S. 341, 349 (1996)).  "Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived."  *Id.*

11

(citation omitted).  "It is actual prejudice with respect to contemplated or existing

litigation, such as the inability to meet a filing deadline or to present a claim."  *Id.*

(internal quotation marks and citation omitted).  Failing to allege that a

nonfrivolous legal claim has been frustrated is fatal to an access to court claim.

*See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008).

Here, Keliihoomalu fails to allege that Robl's actions frustrated a

nonfrivolous legal claim.  Keliihoomalu does not describe any claim of his, let

alone a nonfrivolous one.  Keliihoomalu also does not say when he attempted to

file such a claim.  In this regard, the Court notes that Keliihoomalu has filed three

other civil actions in this district since March 2022.  *See Keliihoomalu v. Derr*,

Civ. No. 22-00124 LEK-KJM (D. Haw.); *Keliihoomalu v. Derr*, Civ. No. 22-00175

SOM-RT (D. Haw.); *Keliihoomalu v. Derr*, Civ. No. 22-00176 JMS-RT (D. Haw.).

Thus, Keliihoomalu cannot plausibly allege that he has been denied access to the

Court.

In addition, although Robl's purported actions might have impeded

Keliihoomalu's access to the BOP's administrative remedy program and prevented

Keliihoomalu him from exhausting his administrative remedies, this does not

satisfy the actual injury requirement.  *See Kerch v. Johnson*, Civil Action No. 5:17-

CV-108 (MTT), 2018 WL 844416, at *2 n.4 (M.D. Ga. Feb. 13, 2018) ("[B]ecause

the alleged interference with the grievance procedure did not prevent the Plaintiff

from bringing suit in court, he has suffered no actual injury."); *Jose-Nicolas v. Butler*, Case No. 16-cv-00402-MJR, 2016 WL 2643347, at *3 (S.D. Ill. May 10, 2016) (dismissing access to court claim where the plaintiff "was not prevented from filing [an] action in a timely manner, and he describe[d] no actual legal detriment that he suffered as a result of [the defendant's] conduct").

Finally, to the extent Keliihoomalu sought to complain about something related to his ongoing criminal proceedings, the Court notes that Keliihoomalu has been represented by court-appointed counsel since the start of those proceedings. In general, being represented by counsel adequately protects Keliihoomalu's right to access the Court in his criminal proceedings. *See Williams v. Yuen*, Case No. 14-cv-04507-EMC, 2016 WL 9110167, at *2 (N.D. Cal. May 13, 2016) ("The provision of court-appointed counsel satisfies the government's obligation to provide meaningful access to the courts to a criminal defendant[.]" (citing *United States v. Wilson*, 690 F.2d 1267, 1272 (9th Cir. 1983)), *aff'd*, 684 F. App'x 636 (9th Cir. 2017); *Ke v. Gonzalez*, Case No. 17-cv-04226-EMC, 2018 WL 1763296, at *4 (N.D. Cal. Apr. 12, 2018) (same).

Keliihoomalu's access to court claim under *Bivens* is DISMISSED. Because any amendment would be futile, this dismissal is without leave to amend. *See Sylvia Landfield Tr.*, 729 F.3d at 1196.

**E.** **Injunctive Relief Under *Bivens***

In his request for relief, Keliihoomalu asks for $150,000 and "an Order from

the Court requiring [Defendants] to properly adhere to C.F.R. 542.10."  ECF No. 1

at 9.

"*Bivens* does not encompass injunctive and declaratory relief where . . . the

equitable relief sought requires official government action."  *Solida*, 820 F.3d at

1093 (citations omitted); *see Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir.

2007) ("The only remedy available in a *Bivens* action is an award for monetary

damages from defendants in their individual capacities." (citation omitted)).  Thus,

Keliihoomalu's request for injunctive relief is not available under *Bivens*.[6]

---

[6]  In certain circumstances, inmates may seek injunctive and declaratory relief
against prison officials in their official capacities for constitutional harms.  *See
Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (per curiam) ("Courts have long
recognized the existence of an implied cause of action through which plaintiffs
may seek equitable relief to remedy a constitutional violation." (citation omitted));
*see also Bonser v. Hendrix*, No. Case No. 3:21-cv-01711-AA, 2022 WL 326737, at
*1 (D. Or. Feb. 2, 2022) ("[T]he Court construes plaintiff's claim as one arising
under the United States Constitution and seeking injunctive relief against [a prison
official] in his official capacity." (citations omitted)).  Keliihoomalu, however, has
no constitutional right to specific prison grievance procedures.  *See Ramirez v.
Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Riley v. Roach*, 572 F. App'x
504, 507 (9th Cir. 2014) ("[W]hen the claim underlying the administrative
grievance involves a constitutional right, the prisoner's right to petition the
government for redress is the right of access to the courts, which is not
compromised by the prison's refusal to entertain his grievance." (internal quotation
marks and citation omitted)); *Butler v. Bowen*, 58 F. App'x 712, 712 (9th Cir.
2003) ("Because inmates . . . do not have a substantive right to prison grievance
procedures, the failure of prison officials to comply with those procedures is not
(continued . . .)

14

## V.     28 U.S.C. § 1915(g)

Keliihoomalu is notified that this dismissal may count as a "strike" under 28

U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a

civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.     CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) Because any amendment would be futile, the Complaint is DISMISSED

without leave to amend, and this dismissal may later constitute a strike under

28 U.S.C. § 1915(g).

(3) The court CERTIFIES that an appeal from this Order would be frivolous

and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *See*

---

(. . . continued)
actionable under § 1983." (citation omitted)); *Swift v. Iramina*, Civil No. 08-00100
JMS-KSC, 2008 WL 1912470, at *2 (D. Haw. Apr. 29, 2008) ("[A] failure to
process or timely respond to a grievance, in and of itself, does not state a
constitutional violation." (citation omitted)).
.

*Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d

548, 551 (9th Cir. 1977) (stating that indigent appellant is permitted to proceed IFP

on appeal only if issues on appeal would not be frivolous).

    (4) The Clerk is DIRECTED to enter judgment and close this case.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawai'i, May 25, 2022.



Jill A. Otake
United States District Judge